JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MMassey@GGTrialLaw.com*

*Attorneys for Plaintiff Brandon Brown*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRANDON BROWN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 2:26-cv-00042-JCM-MDC<br><br>**AMENDED STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER** |

Pursuant to the Court's August 5, 2026 Minute Order (ECF No. 27), the parties hereby submit this Amended Stipulated Protective and Confidentiality Order. The parties have agreed to the following terms of confidentiality, and the Court has found that good cause exists for issuance of an appropriately tailored confidentiality order; accordingly, it is STIPULATED and ORDERED as follows:

/ / /

1. Any person subject to this Order who receives from any other person any discovery material (i.e., information of any kind provided in the course of discovery in this action) that is designated Confidential Material pursuant to the terms of this Order shall not disclose or use such "Confidential Material" to anyone else except as expressly permitted by this Order. Confidential Material shall be used solely for purposes of this litigation and shall not be used in any other lawsuit. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

**Definitions of Confidential Material**

2. "Confidential Material" as used in this Order consists of the following materials and categories of materials:

a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure and any applicable case law; contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential;

b. Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only;

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall resolve the dispute pursuant to the discovery dispute resolution procedures set forth in the Court's Standing Order (ECF No. 14);

d. any information of a personal or intimate nature regarding any

individual; or

e. any other category of information hereinafter given confidential status by the Court. The parties shall not designate as Confidential information that is already public knowledge.

**<u>Procedure for Designating Information as Confidential</u>**

3. With respect to the confidential portion of any discovery material, other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as confidential by stamping or otherwise clearly marking the protected portion as "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility. Confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, shall be provided in a separate document bearing the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that a question calls for confidential information or that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript of the designated testimony shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL INFORMATION GOVERNED BY

PROTECTIVE ORDER" legend to the designated pages and segregate them as appropriate.

4. If at any time prior to trial, a producing person determines discovery material previously produced should receive a new or different confidentiality designation, that person may make the designation by notifying all parties in writing, identifying the material at issue, and providing a replacement copy bearing the new designation within a reasonable period. Upon notice, each receiving party shall make good-faith efforts to accord the material treatment under the new designation and, if the material has been disclosed to a person not authorized to receive it, shall take reasonable steps to retrieve the material and advise the recipient of the new designation and the terms of this Order.

5. *Additional Protection for Highly Sensitive Material.* Nothing in this Order precludes either party from seeking additional protection under Federal Rule of Civil Procedure 26(c), including an Attorneys' Eyes Only designation, by agreement of the parties or order of the Court obtained in accordance with the Court's Standing Order (ECF No. 14).

**Data Security**

6. The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

**Who May Receive Confidential Information**

7. *Confidential Material.* Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff

personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

8. *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons (other than the Court, its staff, and court reporters) to execute the Affidavit attached as **Exhibit A**, prior to the disclosure of Confidential Material.

9. *Duties in the Event of Unauthorized Disclosures.* It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information.

**Withholding of Information**

10. *Redactions*. The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people. If the party is unable to state the type of redaction on the document, the redaction may be noted in a redaction log produced to counsel if there is any dispute regarding the basis for the redaction. Redactions of emails will not redact the names of recipients or

the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed.

**Confidential Material in Filings, Hearings, and Trial; Designation Challenges**

11. Without written permission from the producing person or an order of the Court entered after appropriate notice, a party may not file Confidential Material in the public record. A party seeking to redact or file seal any Confidential Material shall comply with LR IA 10-5, Federal Rule of Civil Procedure 5.2, and the requirements of *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings. The parties will use their best efforts to minimize such motions and sealing.

12. Any party who either objects to any confidential designation, or who, by contrast, requests further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall resolve the dispute pursuant to the discovery dispute resolution procedures set forth in the Court's Standing Order (ECF No. 14), including the meet-and-confer requirements of LR IA 1-3(f) and, if necessary, the filing of a "Stipulation Regarding Discovery Dispute". Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court. The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.

13. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any confidential discovery material introduced in evidence at trial. The Court also retains unfettered discretion whether or not to afford confidential treatment to any confidential discovery material submitted to the Court in connection with any motion, application,

or proceeding that may result in an order and/or decision by the Court. The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court Order to protect the Confidential Material.

**Clawback Provision**

14. Each person who has access to confidential discovery material shall take all necessary precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. If, in connection with this litigation, a party inadvertently discloses documents, electronically stored information (ESI) or information subject to a claim of attorney-client privilege or attorney work product protection, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the inadvertently disclosed information and its subject matter in this action or in any other federal or state proceeding.

16. This Order shall be interpreted to provide the maximum protection allowed by the Federal Rules of Evidence and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

17. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

18. If a receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of

the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

19. A producing party must give written notice of claim of inadvertent disclosure to any receiving party by asserting privilege, work-product protection, or another basis for reclaiming produced material and identifying the material (a "Clawback Request"), After a Clawback Request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not thereafter review the inadvertently disclosed information for any purpose, except by order of the Court. The receiving party shall, within 5 business days, return or destroy all copies of the inadvertently disclosed information and provide a certification of counsel that all such information has been returned or destroyed. Within 5 business days after receiving that certification, the producing party shall provide a privilege log with respect to the inadvertently disclosed information. The parties shall meet and confer regarding any Clawback Request.

20. As with any information redacted or withheld, if the receiving party disputes a claim of privilege or protection over inadvertently disclosed information, the dispute shall be resolved pursuant to the discovery dispute resolution procedures set forth in the Court's Standing Order (ECF No. 14), including the meet-and-confer requirements of LR IA 1-3(f) and, if necessary, the filing of a "Stipulation Regarding Discovery Dispute." Any filing containing or referencing the inadvertently disclosed information shall comply with LR IA 10-5, Federal Rule of Civil Procedure 5.2, and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The receiving party shall not assert as a ground for compelling production the fact or circumstances of the inadvertent production.

21. The producing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information. Nothing in this Order shall limit the right of any party to request an in camera review of the inadvertently disclosed information.

**Continuing Effect of this Order and Duty to Destroy**

22. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including the expiration or exhaustion of all rights to appeal or petitions

for extraordinary writs, each party or non-party (other than the Court and its staff) to whom any materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. This requirement to destroy includes all documents, not only those documents designated as Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

**Procedure if Confidential Material Is Required to be Produced**

23. If any person (other than the Court and its staff) receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party (other than the Court and its staff) shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party (other than the Court and its staff) shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party (other than the Court and its staff) with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

**Application of this Order to Productions by Third Parties**

24. This Order may be used by third parties producing documents in connection with this

action. Third parties may designate information as Confidential.

25. If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

26. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

27. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

28. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court. All disputes arising under or relating to this Order shall be resolved pursuant to the discovery dispute resolution procedures set forth in the Court's Standing Order (ECF No. 14).

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED.**

Dated: August 11, 2026

**GREENBERG GROSS LLP**

*/s/ Marian L. Massey, Esq.*
JEMMA DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

Dated: August 11, 2026

**LITTLER MENDELSON, P.C.**

*/s/ Hayley Cummings, Esq.*
HAYLEY CUMMINGS
Nevada Bar No. 14858
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201

*Attorneys for Defendant*

**ORDER**

**IT IS SO ORDERED:**

The foregoing Amended Stipulated Protective and Confidentiality Order is **GRANTED**. Future stipulations must not include orphan judicial signature block. For various reasons, LR IA 6-2 requires the judicial signature block to appear on the same page as the last substantive matter of the stipulation.

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: August 12, 2026

**EXHIBIT A TO STIPULATED CONFIDENTIALITY ORDER**

**AFFIDAVIT OF COMPLIANCE WITH STIPULATED CONFIDENTIALITY ORDER**

1. My name is ___________________. I live at __________________________. I am working on behalf (or at the direction and engagement) of __________________________.

2. I am aware that a Confidentiality Order has been entered in the above-captioned lawsuit. A copy of this Confidentiality Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential and/or highly confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

4. I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5. Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

DATED: _________________, 20___

_______________________________________
Signature

________________________________
Printed Name

**Exhibit A, Affidavit of Compliance with Confidentiality Order**